**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SAREL SOLIS,[1]

      Appellant,

      v.

DEPARTMENT OF JUSTICE,

      Agency.

DOCKET NUMBER
DA-0752-14-0082-I-1

DATE: May 21, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Michael Meyrick</u>, Esquire, Canon City, Colorado, for the appellant and the appellant's widow.

<u>Jason Laeser</u>, Esquire, Springfield, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

---

[1] On December 8, 2014, following the appellant's death. the Board granted the appellant's representative's motion to substitute the appellant's widow, Ana Solis, as a proper party in this matter pursuant to 5 C.F.R. § 1201.35. Petition for Review (PFR) File, Tabs 3, 7. Ms. Solis will herein be referred to as "the appellant's widow" and Sarel Solis will be referred to as "the appellant."

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

¶1    The agency has filed a petition for review of the initial decision, which mitigated the appellant's removal to a 60-day suspension. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant served as a criminal investigator with the Drug Enforcement Administration (DEA). Initial Appeal File (IAF), Tab 4, Subtab 4b. The agency proposed his removal on the charges of conduct unbecoming a DEA special agent and making false statements. *Id*., Subtab 4k. The appellant made an oral and written reply to the deciding official, who subsequently issued a decision letter imposing the removal. *Id*., Subtab 4d. The appellant filed a timely appeal of his removal; following a hearing, the administrative judge issued an initial decision sustaining the agency's charges, but mitigating the removal to a 60-day suspension, finding that the deciding official did not conscientiously consider all

of the relevant *Douglas* factors[3] and that therefore the penalty of removal exceeded the bounds of reasonableness under the facts of the case. IAF, Tab 30, Initial Decision (ID).

¶3        Specifically, the administrative judge found that the deciding official failed to adequately consider the appellant's length of service with the agency, including his prior military service, and the positive performance reviews the appellant received before and after the misconduct at issue. ID at 14. Additionally, the administrative judge found that the deciding official could not explain his conclusion that the agency had lost trust and confidence in the appellant, which the administrative judge found was undermined by the agency's approving him for a volunteer assignment overseas requiring a higher security clearance and providing him with heightened responsibilities. ID at 14. Upon balancing the *Douglas* factors, the administrative judge found that the maximum reasonable penalty was a 60-day suspension. ID at 17. The administrative judge reached this conclusion in light of the appellant's positive performance record, absence of disciplinary history, cooperation during the agency's investigation, and admission of wrongdoing. ID at 15-16.

¶4        The agency has filed a petition for review of the initial decision arguing that the administrative judge erred in mitigating the removal penalty. Petition for Review (PFR) File, Tab 1. On review, the agency contends that the deciding official properly balanced the relevant aggravating and mitigating factors and that he imposed a penalty within the bounds of reasonableness which should not have been mitigated. PFR File, Tab 1 at 8-14. The appellant has filed a response in opposition to the petition for review, and the agency has filed a reply. PFR File, Tabs 6, 9.

¶5        Where, as here, all of the agency's charges are sustained,[4] the Board will review the agency-imposed penalty only to determine if the agency considered all

---

[3] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board set out a list of nonexhaustive factors for consideration in determining the penalty.

the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *See Penland v. Department of the Interior*, 115 M.S.P.R. 474, ¶ 7 (2010). In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to ensure that managerial judgment has been properly exercised. *Id*. The Board, however, will modify or mitigate an agency-imposed penalty where it finds that the agency failed to weigh the relevant factors or the penalty clearly exceeds the bounds of reasonableness. *Id*.

¶6      Upon our consideration of the agency's arguments on review, we are not convinced that the administrative judge erred in mitigating the removal to a 60-day suspension. Like the administrative judge, we acknowledge the seriousness of the charges against the appellant, and we do not minimize their gravity. ID at 15; *see, e.g.*, *Reid v. Department of the Navy*, 118 M.S.P.R. 396, ¶ 25 (2012) (falsification is a serious offense). The Board, however, has found that there is no per se rule as to the penalty to be imposed in such cases, and that the proper penalty must be determined on a case-by-case basis, considering the totality of the surrounding circumstances. *Reid*, 118 M.S.P.R. 396, ¶ 25. The Board has traditionally found the following *Douglas* factors to be of particular relevance in determining the reasonableness of a penalty in cases involving falsification: (1) the nature of the offense and its relation to the appellant's duties; (2) the appellant's disciplinary record; (3) the effect of the offense on the appellant's ability to perform at a satisfactory level; and (4) the mitigating factors surrounding the offense. *Id*., ¶ 26.

---

[4] A cross-petition for review challenging the administrative judge's decision to sustain the charges of misconduct has not been filed. *See* PFR File, Tab 6. We have reviewed the administrative judge's initial decision and find no reason to differ with his conclusions that the agency proved its charges and supporting specifications. ID at 6-10.

¶7        We concur with the administrative judge that the facts of this appeal do not support the agency's imposed penalty.  The record demonstrates that the appellant had a lengthy career with the agency during which he received outstanding performance evaluations and had no prior disciplinary history.  IAF, Tab 4, Subtab 4f at 9.  Following the events leading to the issuance of the notice of proposed removal, moreover, the agency selected the appellant for a volunteer mission in Afghanistan involving heightened responsibilities, and he continued to receive outstanding performance evaluations from his immediate supervisors during this time.  *Id*.; *see also* ID at 14-15 (citing hearing testimony).  The Board has previously found that an agency's decision to promote an employee following the occurrence of the misconduct at issue undermines the agency's assertion of a complete loss of trust and confidence in the employee.  *See Hovanec v. Department of the Interior*, 67 M.S.P.R. 340, 346 (1995).  We agree with the administrative judge that the appellant's selection for a special overseas mission after the misconduct occurs belies the agency's asserted lack of trust and confidence in the appellant and supports the mitigation of the removal to a lesser penalty.  *Id*.; ID at 14, 16.

¶8        We further agree with the administrative judge that the appellant's admission of wrongdoing and cooperation with the agency's investigation, combined with his work performance, length of service, and prior honorable military service, weighs in favor of a penalty less severe than removal.  *See Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 22 (2014) (expressions of remorse are mitigating factors indicative of rehabilitation); *cf. Miller v. Department of Health & Human Services*, 21 M.S.P.R. 341, 344 (1984) (removal is the most serious penalty available and the most harmful to the employee).  Finally, we agree with the administrative judge that the comparator cases relied upon by the deciding official involving other instances of removal are sufficiently distinct from the facts of this case and do not bolster the agency's argument for removing the appellant from service as opposed to imposing some lesser penalty.

ID at 13-14; *cf. Portner v. Department of Justice*, [119 M.S.P.R. 365](#), ¶ 21 (2013) (observing that the conduct of identified comparators was arguably more serious than the appellant's conduct).

¶9    In sum, we agree with the administrative judge that the deciding official did not adequately consider the aforementioned mitigating factors and that the penalty of removal exceeded the bounds of reasonableness under the totality of the circumstances.  *See Reid*, [118 M.S.P.R. 396](#), ¶ 30 (overturning a removal for falsification because several mitigating factors were not sufficiently considered by the deciding official); *Casias v. Department of the Army*, [62 M.S.P.R. 130](#), 132 (1994) (a penalty disproportionate to the offense must be mitigated).  We AFFIRM the administrative judge's initial decision mitigating the appellant's removal to a 60-day suspension without pay.

## ORDER

¶10    We ORDER the agency to cancel the appellant's removal and substitute in its place a 60-day suspension without pay effective October 29, 2013.  *See Kerr v. National Endowment for the Arts*, [726 F.2d 730](#) (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶11    We also ORDER the agency to pay the appellant's widow the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision.  We ORDER the appellant's widow to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant's widow the undisputed amount no later than 60 calendar days after the date of this decision.

¶12    We further ORDER the agency to tell the appellant's widow promptly in writing when it believes it has fully carried out the Board's Order and of the actions it took to carry out the Board's Order.  The appellant's widow, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶13    No later than 30 days after the agency tells the appellant's widow that it has fully carried out the Board's Order, the appellant's widow may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant's widow believes that the agency did not fully carry out the Board's Order.  The petition should contain specific reasons why the appellant's widow believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency.  5 C.F.R. § 1201.182(a).

¶14    For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached.  The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You

must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection

Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.



# DFAS CHECKLIST

# INFORMATION REQUIRED BY DFAS IN ORDER TO PROCESS PAYMENTS AGREED UPON IN SETTLEMENT CASES OR AS ORDERED BY THE MERIT SYSTEMS PROTECTION BOARD

## CIVILIAN PERSONNEL OFFICE MUST NOTIFY CIVILIAN PAYROLL OFFICE VIA COMMAND LETTER WITH THE FOLLOWING:

1. Statement if Unemployment Benefits are to be deducted, with dollar amount, address and POC to send.

2. Statement that employee was counseled concerning Health Benefits and TSP and the election forms if necessary.

3. Statement concerning entitlement to overtime, night differential, shift premium, Sunday Premium, etc, with number of hours and dates for each entitlement.

4. If Back Pay Settlement was prior to conversion to DCPS (Defense Civilian Pay System), a statement certifying any lump sum payment with number of hours and amount paid and/or any severance pay that was paid with dollar amount.

5. Statement if interest is payable with beginning date of accrual.

6. Corrected Time and Attendance if applicable.

## ATTACHMENTS TO THE LETTER SHOULD BE AS FOLLOWS:

1. Copy of Settlement Agreement and/or the MSPB Order.

2. Corrected or cancelled SF 50's.

3. Election forms for Health Benefits and/or TSP if applicable.

4. Statement certified to be accurate by the employee which includes:

   a. Outside earnings with copies of W2's or statement from employer.
   b. Statement that employee was ready, willing and able to work during the period.
   c. Statement of erroneous payments employee received such as; lump sum leave, severance pay, VERA/VSIP, retirement annuity payments (if applicable) and if employee withdrew Retirement Funds.

5. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.



## NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

    a. Employee name and social security number.
    b. Detailed explanation of request.
    c. Valid agency accounting.
    d. Authorized signature (Table 63)
    e. If interest is to be included.
    f. Check mailing address.
    g. Indicate if case is prior to conversion. Computations must be attached.
    h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected. (if applicable)

## Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement. (if applicable)

2. Copies of SF-50's (Personnel Actions) or list of salary adjustments/changes and amounts.

3. Outside earnings documentation statement from agency.

4. If employee received retirement annuity or unemployment, provide amount and address to return monies.

5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)

6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.

7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

    a. Must provide same data as in 2, a-g above.
    b. Prior to conversion computation must be provided.
    c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.